# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | | |
|---|---|---|
| JAMES WILLIS BONDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 4:11-cv-03615-JHE |
| | ) | |
| DONALD LUKIMA, MATTHEW | ) | |
| DIXON, and CHRISTOPHER | ) | |
| SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

After an April 17, 2015 telephone conference, in which the parties expressed disagreement as to whether a jury demand had been made, the undersigned ordered the parties to brief the issues of whether a demand had already been made and, if not, whether a jury trial should be granted despite the absence of a timely demand.  (Doc. 101).  Plaintiff James Willis Bonds responded with a motion for a jury trial, acknowledging no previous, timely demand had been made and asking the Court to exercise its discretion under Rule 39(b), FED. R. CIV. P. (Doc. 102).  Defendants filed a timely opposition, (doc. 103), and the motion is now ripe for review.  Upon consideration, the motion is **GRANTED**.

The right to a trial by jury is a fundamental right, *see LaMarca v. Turner*, 995 F.2d 1526, 1544 (11th Cir. 1993),[1] and the Court is given discretion, on motion, to override a party's waiver of the right, *see* FED. R. CIV. P. 39(b).  Moreover, there is a strong presumption in favor of

---

[1] Bonds cites this for the proposition "courts must indulge every reasonable presumption against waiver." (Doc. 102 at 3).  However, Bonds has already acknowledged waiver and is now asking the Court to exercise its discretion to override that waiver.  *See, e.g.*, *LaMarca*, 995 F.2d at 1544 (applying "the most exacting scrutiny" to whether waiver has occurred under Rule 38); *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983) (applying abuse of discretion to district court's application of Rule 39(b) factors).

granting such motions:   "In this circuit, the general rule governing belated jury requests under Rule 39(b) is that the trial court should grant a jury trial in the absence of strong and compelling reasons to the contrary."   *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983) (internal quotation marks omitted).

> The district courts have broad discretion when considering Rule 39(b) motions and often freely grant such motions after considering (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*Id.*  Although the Eleventh Circuit focuses heavily on the fifth of the factors when considering a denial of a Rule 39(b) motion, "the normal practice in the district court is to balance all of the factors enumerated above."  *Id.*

### 1.  Issues Best Tried by a Jury

On the first factor, Bonds contends "the core determination will be one of credibility — and will turn on whether the fact-finder believes the version of events advanced by Plaintiff or the correctional officer Defendants."  (Doc. 102 at 4) (citing *Pepper v. Alabama Power Co.*, No. CA 93-D-18-E, 1993 WL 764217, at *1 (M.D. Ala. July 29, 1993) (noting cases involving "factual determinations and judgments of witnesses' credibility . . . are best tried by a jury, rather than by the court"); *Goshawk Dedicated Ltd. v. Am. Viatical Servs., LLC*, No. 1:05-CV-2343-RWS, 2013 WL 424891, at *7 (N.D. Ga. Feb. 4, 2013) (finding this factor in favor of jury demand because, in part, "[t]he outcome here will turn on the veracity of witnesses")). Defendants do not dispute this point, arguing instead the credibility of a prisoner, toward whom "a jury may have a negative emotional response," is better tried to a judge, who is "better at overlooking the fact that a plaintiff is a convicted felon and considering whether [he] is credible and has proved his case."  (Doc. 103 at 4).   While this assertion may or may not be true,

determining the credibility of witnesses and drawing a narrative from conflicting facts has long been thought better laid at the feet of a panel of jurors than in the hands of the lone judge. If Bonds is willing to place his credibility into jurors' hands, that is his risk to take. This factor weighs in favor of Bonds.

### 2.  Disruption of Schedules and Prejudice to the Adverse Party

The second and third factors partially overlap because the parties argue primarily scheduling as the prejudice to the adverse party. Bonds contends that, because this case is ready for trial and no trial or pre-trial dates have been set, granting his jury demand will not disrupt anyone's schedule. (Doc. 102 at 5). Defendants contend a jury trial will (1) necessitate further discovery and (2) last longer, disrupting the work schedules of the several defendants who no longer work for the Alabama Department of Corrections and whose private employers may not be as accommodating for nonwork-related absences. (Doc. 103 at 4-5). This need for further discovery, Defendants argue, will either extend the time before trial or deprive them of discovery they would have taken had they known this case would be tried to a jury. (*Id.* at 5-6).

As Bonds notes, the Court's schedule will not be affected because no schedule has yet been set for pretrial or trial. Further, although a jury trial will naturally take longer than a bench trial, based on the lack of complexity in this case, the Court does not feel trying it to a jury will expand the trial to a length so unduly burdensome on Defendants as to create a "strong and compelling" reason to deny Bonds a jury trial. Lastly, Defendants assert their counsel would have made different strategic decisions if they had known the case would be tried to a jury, specifically, by hiring a medical expert. (Doc. 103 at 5-6). Defense counsel states he "was comfortable that [the undersigned] would fully understand the extent of [Bonds]'s injuries and how he received those injuries through testimony and medical records" but believes his clients

will be prejudiced without a medical expert at a jury trial. (*Id.* at 5-6). While the undersigned appreciates counsel's faith in his abilities, the undersigned has no more medical training than a juror would have and, depending on the juror, could potentially have less. Considering this circuit's presumption toward granting Rule 39(b) motions, the undersigned does not find Defendants' dissatisfaction with their strategic decision compelling enough to weigh either of these factors in favor of Defendants.

### 3. Length of Delay and Reason for Delay

Defendants have a better argument on the last two factors. Bonds contends he was unrepresented for the first part of his case and his counsel, once appointed, has seen significant turnover. (Doc. 102 at 7). Defendants respond that Bonds twice asked for evidentiary hearings and his subsequently appointed attorneys delayed over a year after both the Court informed them the case was set for a bench trial and Plaintiff's counsel mentioned she was considering asking for a jury trial. (Doc. 103 at 2 & 6-7). They further assert Plaintiff's counsel's reliance on Bonds's representation he had asked for jury trial is not excusable neglect when a search of the pleadings would have revealed his error. (*Id.* at 7-8).

Although the undersigned is reluctant to read too much into Bonds's representations while proceeding *pro se*, Plaintiff's counsel's argument regarding attorney turnover is unpersuasive. Of the three attorneys originally appointed to represent Bonds, (doc. 58), two are still doing so, one of which Defendants assert had previously been considering requesting a jury trial, (doc. 103 at 2). Bonds does not present any strong justifications for his failure to request a jury trial before this point, but neither are his and his counsel's admitted mistakes so egregious as to outweigh the other factors and the presumption in favor of upholding the right to a jury trial.

Because the weight of the factors falls in favor of granting a jury trial, Bonds's motion

for a jury trial under Rule 39(b), (doc. 102), is **GRANTED**.

DONE this 3rd day of June 2015.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE